**GARCIA v. STEELE.**

No. 14315.

United States Court of Appeals
Eighth Circuit.

Dec. 27, 1951.

Rexford H. Caruthers, St. Louis, Mo. (appointed by the Court), for appellant.

Sam M. Wear, U. S. Atty., and Sam O. Hargus, Asst. U. S. Atty., Kansas City, Mo., submitted brief for appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

The question presented by this appeal, prosecuted in forma pauperis, from an order dismissing the appellant's petition for a writ of habeas corpus, is whether a federal prisoner confined in the United States Medical Center for Federal Prisoners at Springfield, Missouri, who asserts that he is sane and therefore not a suitable subject

for hospitalization in that institution, can require the District Court to determine whether his confinement therein is legal and whether he is entitled to be transferred by the Attorney General to some penal or correctional institution.

The question has been admirably and painstakingly briefed and argued on behalf of the appellant by counsel who was appointed by this Court to represent him on this appeal.

The appellant prepared his own petition for a writ of habeas corpus, which was filed January 12, 1951. While the petition is disconnected and informal, it sufficiently shows that the appellant claims to be sane and for that reason an unsuitable subject for confinement among the insane at the Medical Center. The appellant does not attack the legality of his sentence of imprisonment, which was imposed by the District Court of the District of Columbia on July 16, 1948, upon appellant's plea of guilty to a charge of grand larceny. He was transferred, by order of the Attorney General, to the Medical Center from the United States Penitentiary at Leavenworth, Kansas, on June 28, 1950, in conformity with § 4241, Title 18 U.S.C. While at Leavenworth he was in the neuro-psychopathic ward of the prison hospital, and upon his arrival at the Medical Center he was placed in a psychopathic ward of that institution. The certificate of the Board of Examiners at the United States Penitentiary at Leavenworth, upon which the Attorney General based his order of transfer, is not set out in the petition of the appellant, but a copy of a letter, dated November 24, 1950, from the Clinical Director of the Medical Center to the appellant, which is annexed to his petition, shows that the Board of Examiners at Leavenworth had certified the appellant as being of "unsound mind." Following that certification, the appellant on September 14, 1950, filed a "Petition for a Sanity Hearing" in the United States District Court for the District of Columbia. He asserted in that petition that he had believed himself sane, but that the certificate of the Board of Examiners at Leavenworth indicated that there was probable cause to believe that he

was insane when he entered a plea of guilty; and he asked for a hearing to determine his mental competency at the time of his conviction; this pursuant to § 4245, Title 18 U.S.C.

By a letter of December 12, 1950, the Law Clerk of the Honorable Bolitha J. Laws, Chief Judge of the United States District Court for the District of Columbia, advised the appellant that Judge Laws had referred his petition to the Director of the Bureau of Prisons for disposition, that a Board of Mental Examiners was convened on November 16, 1950, at the request of the Director, and that the Board had determined that the appellant was sane at the time his plea of guilty was entered.

The Clinical Director of the Medical Center, on November 24, 1950, wrote the appellant as follows:

"To: Garcia, Alberto, Reg. No. 7618–H

"From: Dr. E. C. Rinck, Clinical Director.

"In answer to your note of November 23, 1950, I must reply that I cannot furnish you with copies of your commitment papers. The Board of Mental Examiners at Leavenworth certified you as being of unsound mind, the type of insanity not being specified as it is not required by Federal law.

"The Board of Mental Examiners convened at this institution, found you to be mentally competent."

The last paragraph of this letter refers to the Board of Mental Examiners which on November 16, 1950, found that the appellant was sane when he entered his plea of guilty.

An office memorandum of the Director of the Bureau of Prisons dated December 22, 1950, addressed to the Warden of the Medical Center, with reference to the appellant, reads as follows:

"To: Warden, Springfield

"From: Director, Bureau of Prisons

"Subject: Alberto Garcia, 7618–H

"Please inform this man that I have his recent letter concerning the petition he has forwarded to Judge Laws. Will you advise him that his communications have been forwarded to the Court. Also please advise

him that our records show that the most recent report of a Board of Medical Examiners found him to be sane, not insane."

This memorandum also refers to the Board of Mental Examiners convened November 16, 1950.

The District Court permitted the appellant to file his petition for a writ of habeas corpus in forma pauperis, but dismissed it upon the grounds (1) that it failed to show upon its face that he was entitled to a writ, and (2) that the court was without jurisdiction to interfere with a decision of the Attorney General made in conformity with § 4241, Title 18 U.S.C., relating to the transfer and confinement of a federal prisoner found to be insane or of unsound mind or otherwise defective. That section requires that a prisoner transferred to the Medical Center shall be "kept until, in the judgment of the superintendent of said hospital, the prisoner shall be restored to sanity or health or until the maximum sentence, without deduction for good time or commutation of sentence, shall have been served."

Counsel for the appellant contends that the court erred in ruling "that no relief by way of habeas corpus, as a matter of law, is available to a federal prisoner, who, without questioning the legality of his sentence or the constitutionality of the proceedings under which sentence was imposed, raises the present question that he is in fact sane, but has been confined in an institution for the insane pursuant to Section 4241." Counsel also contends that "a writ of habeas corpus should issue when the petition of a federal prisoner confined in a federal mental hospital by the Attorney General pursuant to Section 4241 shows that substantial evidence of present sanity has been arbitrarily disregarded by the superintendent of said hospital."

The argument of counsel for the appellant is necessarily based largely upon the theory that the Medical Center is a hospital solely for the confinement, care and treatment of insane prisoners, and is not available to the Attorney General for the care and treatment of mentally or physically defective prisoners who are not actually insane. While we have reason to believe that this hospital is principally used for the confinement of mentally defective prisoners, it is not exclusively a hospital for the insane, see Jones v. Pescor, 8 Cir., 169 F.2d 853, 854, and Rosheisen v. Steele, 8 Cir., 193 F.2d 273, and is available for use by the Attorney General for the confinement, care and treatment of federal prisoners whose mental or physical defects are such that hospitalization at that institution is considered necessary or desirable.

Whether a federal prisoner is a suitable subject for hospitalization at the Medical Center is, in our opinion, a question for the Attorney General and the prison authorities, and not for the courts. It is not conceivable to us that every inmate of the Medical Center who considers himself to be sane and ineligible for confinement in that institution, can, by asserting that to be the fact, require the District Court to conduct a hearing and investigation to determine whether the prisoner should be in the Medical Center or in some penitentiary or correctional institution.

The Medical Center at Springfield is a part of the prison system of the United States. That system is under the administration and supervision of the Attorney General. The courts have no supervisory jurisdiction over the conduct of the various institutions provided by law for the confinement of federal prisoners committed to the custody of the Attorney General, and may release only a prisoner who is shown to be illegally detained. Powell v. Hunter, 10 Cir., 172 F.2d 330, 331.

The Attorney General is, by § 4082, Title 18 U.S.C., authorized to designate the institution in which a federal prisoner shall be confined and to order a prisoner transferred from one institution to another. Zerbst v. Kidwell, 5 Cir., 92 F.2d 756, 758; Stroud v. Johnston, 9 Cir., 139 F.2d 171, 173; Chapman v. Scott, 2 Cir., 10 F.2d 690, 691. It is our opinion that the authority to classify federal prisoners for the purposes of confinement, care and treatment, has been conferred exclusively upon the Attorney General, and that his determinations, made in the exercise of that authority, are not subject to review in habeas corpus proceedings.

Moreover, all that reasonably can be inferred from the petition of the appellant is that he considers himself sane and ineligible for confinement at the Medical Center, and that, although he was found to be of "unsound mind" by the Board of Examiners at Leavenworth, he was subsequently found by a Board of Mental Examiners, convened at the Medical Center, to have been sane at the time of his conviction. Obviously, one may be, or may become, of unsound mind or otherwise defective and in need of hospitalization and medical treatment, and still have had sufficient mentality to be legally accountable for his acts.

We think that the appellant's petition fails to show that he is a prisoner who legally may not be confined in the Medical Center, or that he is, as a matter of law, entitled to be transferred to some other institution.

The order appealed from is affirmed.