**John W. MORTON, Appellant,**

v.

**Ivan W. STEELE, Warden, United States Medical Center, Springfield, Missouri, Appellee.**

**No. 15156.**

United States Court of Appeals Eighth Circuit.

Dec. 6, 1954.

John W. Morton pro se.

Edward L. Scheufler, U. S. Atty., and Paul R. Shy, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before SANBORN, WOODROUGH and VAN OOSTERHOUT, Circuit Judges.

PER CURIAM.

The United States District Court for the District of Columbia, on December 17, 1943, sentenced John W. Morton to the custody of the Attorney General for imprisonment for the period of fifteen years to life, Morton having been convicted by a jury of second degree murder. He appealed from his conviction, and on January 22, 1945, his sentence was affirmed. Morton v. United States, 79 U.S. App.D.C. 329, 147 F.2d 28.

Morton was at first confined in the District of Columbia Reformatory at Lorton, Virginia. On April 19, 1948, he was ordered transferred to the Medical Center for Federal Prisoners at Springfield, Missouri. He has been an inmate of that institution for more than six years.

Morton on July 6, 1954, filed in the United States District Court for the Western District of Missouri a petition for a writ of habeas corpus. He asserted, in substance, (1) that his transfer to the Medical Center was unauthorized, and (2) that the respondent, Warden of the Medical Center, in making return to the petition was required to furnish certain papers relating to Morton's trial, including "indication of plea of defendant * * *," and that: "There is no indication of plea in any of the above papers. The plea was not guilty." Under the subtitle "Complaint", the petition reads as follows:

"During the period March 1950 to this date petitioner, a natural born citizen of the United States, has,

"1. been systematically deprived of the necessities of mental & physical health, particularly:

"A. Adequate nourishing food, vitamins, minerals etc.;

"B. Proper medical, dental, optical, and other similar services;

"C. Sleep, proper clothing etc.

"2. on the pretense of mental defect, been domiciled with psychotics, sex maniacs, ignorant, untidy, individuals, etc.

"3. been relentlessly harassed by unlawful demands and restrictions upon person and/or property. (e. g. petitioner's law books & legal materials, papers, etc., have been seized and held under the lock & key of respondent's accomplices with the result that petitioner has effective access thereto only for a few hours on Saturdays and holidays.—if then.)

"4. been harassed and hounded to do work which he is physically unable to do.

"5. and in general, has been subjected to an unrelenting program of unmitigated mental & physical cruelty well calculated to destroy his mind and body.

"As a result, petitioner has suffered rapid deterioration and decay of eyes, teeth, and other body tissues, organs and components. At present, petitioner's weight is about 55 pounds below the average for height, build, and age, and steadily going lower. Petitioner is in fact almost an invalid and has scarcely

enough strength to permit attendance at church on Sunday mornings.

"Repeated applications to the respondent and/or his accomplices for relief have been met with laughs, sneers, rebuffs, and falsified records.

"This court is therefore moved to: (a) issue a writ of habeas corpus removing petitioner from the custody of respondent to that of the court at either Kansas City, Mo., or Springfield, Mo. (b) Issue a court order removing all of petitioner's money and personal property (to move with petitioner) to the new point of detention. (c) Issue an order to the U. S. Marshal at the new point of detention to conduct petitioner to the establishments of certain reputable medical, dental, and optometric practitioners (to be named later) located near the new point of detention from whom petitioner will obtain examinations, glasses, and written reports. The latter to be submitted to this court along with appropriate recommendations and motions."

The District Court, in view of Morton's statement that his plea in the proceedings leading to his conviction had been not guilty, directed the respondent to advise the court by what authority he was holding Morton.

The respondent in his return, filed on July 14, 1954, showed that Morton, after his trial and conviction for second degree murder and his imprisonment in the Reformatory at Lorton, Virginia, had been transferred to the Medical Center by direction of the Attorney General. Thereupon the District Court denied and dismissed Morton's petition without a hearing, and he has appealed.

In view of the rulings of this Court in Rosheisen v. Steele, 8 Cir., 193 F.2d 273; Garcia v. Steele, 8 Cir., 193 F.2d 276, 278–279; and Williams v. Steele, 8 Cir., 194 F.2d 32, 34, rehearing denied 194 F. 2d 917, certiorari denied 344 U.S. 822, 73 S.Ct. 20, 97 L.Ed. 640, the District Court's action was proper. The order appealed from is affirmed.