Lyle Howard BARTHOLOMEW,
Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16474.

United States Court of Appeals
Eighth Circuit.

Feb. 15, 1961.

Lyle Howard Bartholomew, pro se.

Fallon Kelly, U. S. Atty. and Connor F. Schmid, Asst. U. S. Atty., St. Paul, Minn., for appellee.

Before VAN OOSTERHOUT and BLACKMUN, Circuit Judges, and REGISTER, District Judge.

PER CURIAM.

This is an appeal by defendant Bartholomew from final judgment entered on February 8, 1960, denying his motion for relief pursuant to 28 U.S.C.A. § 2255, and all other requests for relief.[1]

On January 6, 1958, defendant, after his right to have the charges against him submitted to a grand jury and his right to be represented by counsel and to have counsel appointed for him were fully explained to him, waived prosecution by indictment, consented to prosecu-

1. The defendant has appeared pro se and has apparently prepared his own pleadings. He has filed papers entitled "Interpleader for Declaratory Relief" and "Motion for a Hearing with Presence of Petitioner and Motion to Vacate and Set Aside the Judgment of Conviction and Sentence in the above styled Cause and for Discharge from Mittimus." The trial court apparently treated the pleading as a § 2255 motion. If the petitioner is entitled to any relief, it is pursuant to said section.

tion by information, and entered a voluntary plea of guilty to a two count information charging him with interstate transportation of forged securities in violation of 18 U.S.C.A. § 2314. After a pre-sentence investigation, defendant on January 9, 1958, was given a general sentence of five years on both counts of the indictment and he is serving such sentence.

Like the Government and the trial court, we have some difficulty in gleaning from defendant's various pleadings the exact nature of his present complaints. In conformity with our desire to see that the defendant, who is not represented by counsel, has not been denied any constitutional rights, we have carefully examined his pleadings. Defendant claims his sentence should be vacated or modified for the following reasons:

1. Waiver of indictment was ineffective because of variance between waiver and information.

2. Defendant was not represented by counsel at the time of his plea and conviction.

3. Defendant's guilty plea was not voluntary because it was obtained under "mitigating circumstances."

4. No proof could have been produced to establish certain elements of the crime charged.

5. Defendant has a right to declaratory relief and a jury trial on the issue of the validity of the sentence.

6. The Government did not promptly comply with defendant's request for a transcript.

7. Various contentions which are raised for the first time on this appeal.

We have carefully examined all of defendant's contentions and find them to be without merit. The proceedings relating to waiver of indictment, plea of guilty, and sentence are shown by the transcript before us. Defendant's written waiver of indictment was filed in open court after the court had ascertained from the defendant that he had received a copy of the information and was familiar with it. Full compliance with Rule 7(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., is established. A reading of the waiver, information, and the transcript satisfies us that the defendant knowingly waived indictment on the offense charged in the information, as to which he entered his guilty plea.

■■ There is no material variance between the offense described in the waiver, that charged in the information, and that described in the judgment entry. The fact that the waiver recited "transported" and the information charges "transport and cause to be transported" in no way impairs the validity of the waiver of prosecution by indictment. Moreover, transportation as used in the National Stolen Property Act can be established by showing the defendant caused the transportation to be done. Pereira v. United States, 347 U.S. 1, 8, 74 S.Ct. 358, 98 L.Ed. 435.

Defendant makes no claim that he was denied the right to representation by counsel. The transcript of the proceedings at the time the waiver of indictment was filed and the guilty plea was accepted shows clearly that all of defendant's constitutional rights were fully explained to him by the Government attorney and the court. The record shows that defendant had been previously convicted of other criminal offenses and had some prior experience with criminal procedure. The defendant, in response to questions by the court as to whether he understood that he had a right to be represented by counsel and to have the court engage counsel for him, answered, "I do, sir." When asked if he wanted court appointed counsel, he stated in part, "Well, to put it bluntly, I believe it would be a waste of money by the Government to do so, because I have indicated and signed a statement that I did such as the information states and I wish to plead guilty to the Court and get to a hospital designated by the Court, if possible, to get this treatment, because I have no monetary ways in which to help myself and no one

to help me, and I have tried hospitals that are reputedly for people that are destitute and need treatment but I was unable to secure aid."

The court then explained that designation of counsel for him would be without expense to either him or the government and asked defendant if he understood this. Defendant replied:

"Yes, sir, I certainly do. But then on the other hand, I have indicated—I have indicated and signed a statement that I am guilty of this offense.

"The Court: You still insist that you are guilty of the violation charged in this information?

"The Defendant: I do, sir."

The record shows that the defendant voluntarily surrendered to state officials and confessed that he had committed the crime charged before he was taken into federal custody. Defendant at the time he pleaded guilty informed the court that he was suffering from cancer and desired to expedite the proceedings in the belief that he could obtain medical aid in prison. The court in its judgment entry recommends that defendant be committed to an institution where he can be given such medical aid and hospitalization as may be found necessary.

At the sentencing on January 9, defendant in response to an inquiry from the court as to whether he had anything further to say, stated: "Well, no, other than I do appreciate the speedy expediting of this matter. I appreciate it and wish to thank the Court." After the sentence was imposed, he again thanked the court.

Defendant's state of health at the time of his conviction is the "mitigating circumstances" that he refers to in connection with the entry of his plea of guilty. There is no showing in defendant's pleading or proof in the record that any inducements were offered or promises made to the defendant by the court or anyone connected with the prosecution. Defendant's waiver of indictment and plea of guilty were knowingly and voluntarily made.

The short answer to defendant's contention that proof was not available to establish certain elements of the crime charged is that the defendant, by his voluntary plea of guilty for the purpose of the offense charged in the information, admitted all the essential elements of such charges pleaded in the information. In Johnston v. United States, 8 Cir., 254 F.2d 239, 241, we cited supporting authorities and restated the rule that a defendant by his plea of guilty "admits the allegations of the facts charged in the information or indictment, and if the plea of guilty is properly entered, the accused cannot later be heard to contend that there was no evidence offered." To like effect, see Adam v. United States, 10 Cir., 274 F.2d 880, 883; Clark v. United States, 6 Cir., 273 F.2d 68, 69.

There is no merit to defendant's contention that a check is not a security. The definition section of the National Stolen Property Act, 18 U.S.C.A. § 2311, provides: " 'Securities' includes any * * * check * * *." See United States v. Sheridan, 329 U.S. 379, 390, 67 S.Ct. 332, 91 L.Ed. 359.

Defendant's contention that his sentence was excessive is without merit. The sentence imposed was within the maximum penalty provided by statute for the offense. We have no authority to vacate or modify a sentence which is within the limits provided by statute. Egan v. United States, 8 Cir., 268 F.2d 820, 823.

While there may possibly have been some delay in providing defendant with a transcript, the defendant received the transcript before he prepared his reply brief and has suffered no prejudice by any delay. There is nothing in the transcript which could possibly establish his right to have the judgment vacated.

Defendant has raised a number of issues on appeal which he did not raise in the trial court. We have examined such contentions and find them to be without substance or merit. In any event, it is well settled that issues not raised in the trial court cannot be con-

sidered upon appeal. Johnston v. United States, supra; Way v. United States, 10 Cir., 276 F.2d 912, 913.

The files and records conclusively show that the court acted within its jurisdiction in entering judgment and sentence upon defendant's plea of guilty; that defendant voluntarily waived his right to be represented by counsel; that his waiver of indictment and plea of guilty were voluntarily and knowingly made; that the sentence imposed was within the limit provided by statute, and that no constitutional rights of the defendant have been violated. The court upon the record before us committed no error in refusing a hearing and denying the defendant the relief for which he prayed.

The judgment is affirmed.