Edward Boyd SUTTON, Jr., Appellant,

v.

R. O. SETTLE, Warden, United States Medical Center, Springfield, Missouri, Appellee.

No. 16937.

United States Court of Appeals Eighth Circuit.

April 17, 1962.

Edward Boyd Sutton, Jr., pro se.

F. Russell Millin, U. S. Atty. and William A. Kitchen, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before VAN OOSTERHOUT and BLACKMUN, Circuit Judges, and HENLEY, District Judge.

PER CURIAM.

This is an appeal by Edward Boyd Sutton, Jr., from final order dismissing his petition for writ of habeas corpus, mandamus and other relief without a hearing.

Petitioner was arrested on July 25, 1960, on a warrant on a charge of mailing obscene mail in the Northern District of Georgia, in violation of 18 U.S.C.A. § 1461. A maximum penalty of five years imprisonment is provided for such offense. The United States District Court for the Northern District of Georgia, after appointing a qualified psychiatrist to examine the petitioner and receiving his report, and after appointing an attorney to represent petitioner, held a hearing pursuant to 18 U.S.C.A. § 4244 to determine the mental competency of petitioner to stand trial. As a result of such hearing, the court entered an order on September 13, 1960, finding Sutton to be presently insane and unable to stand trial and further finding that the defendant if released would probably endanger the safety of himself and others, and that suitable arrangements for his custody and care were not otherwise available, and ordering:

"[T]hat the said defendant be committed to the custody of the Attorney General of the United States, or his authorized representative, until such time as the sanity of the said defendant shall be restored or until his mental condition is so improved that if he be released he will not endanger the safety of the officers, the property, or other interests of the United States, or until suitable arrangements have been made for the custody and care of the defendant by the state of his residence, to wit, the State of Georgia, whichever event shall first occur, all pursuant to Sections 4246, 4247 and 4248, Title 18 U.S.C.A."

On July 11, 1961, petitioner, while being held pursuant to such order at the Medical Center at Springfield, Missouri, within the territorial jurisdiction of the trial court, filed petition for writ of habeas corpus and mandamus asserting that he was being deprived of various constitutional rights by the prison officials and asking that he be given relief in substance in the following respects:

(a) that he be allowed to send and receive mail;

(b) that he be allowed to contact attorneys until he had one of his own choice;

(c) that he be allowed to purchase law books necessary to his case;

(d) that he be given storage space for his personal property;

(e) that he be given sufficient legal library time to properly present his case;

(f) that he be allowed to use registered mail and receive a return receipt therefor;

(g) that he be allowed to use his money for these objects;

(h) that the use of electric shock treatment and solitary confinement be prohibited; [He alleges the purpose of this treatment is to prevent him from testifying.]

(i) that all psychiatric testimony relating to him be suppressed.

The court by order filed July 27, 1961, denied the petitioner the relief for which he prayed, stating in part:

"Congress has vested the care, custody, control, treatment and discipline of persons confined in the penal institutions of the United States in the Bureau of Prisons under the general supervision of the Attorney General. In the administration of this authority given them, the Courts may not interfere."

On October 3, 1961, the court denied petitioner's motion to reopen the case. This appeal followed.

The court committed no error in dismissing the petition. Upon the basis of the findings made pursuant to 18 U.S. C.A. § 4244, the court properly entered an order committing defendant to the custody of the Attorney General under the authority of 18 U.S.C.A. §§ 4246, 4247 and 4248.

The Medical Center at Springfield is an institution in which arrested federal prisoners may prior to trial be placed under appropriate circumstances. See Greenwood v. United States, 350 U.S. 366, 76 S.Ct. 410, 100 L.Ed. 412. The responsibility for the supervision of such institutions and the inmates is placed upon the Attorney General. Courts have uniformly held that supervision of inmates of federal institutions rests with the proper administrative authorities and that courts have no power to supervise the management and disciplinary rules of such institutions. Morton v. Steele, 8 Cir., 217 F.2d 13, 15; Williams v. Steele, 8 Cir., 194 F.2d 32, 34; Garcia v. Steele, 8 Cir., 193 F.2d 276, 278.

■■■ Petitioner in his brief upon appeal argues that §§ 4244 to 4248, 18 U.S.C.A., are unconstitutional and that he is being illegally confined in Springfield. In his petition he asks "that writ of habeas corpus issue for the purpose and only for the purpose that he may appear in the United States District Court addressed here, to show and state for the record that these things are true." (Claims of abuse and denial of privileges hereinabove summarized.) He further states, "The constitutionality of his incarceration is a separate issue. * * * He will take up the issue of the constitutionality of his original incarceration only after he has received those constitutional guarantees which would then make it possible to do so."

Thus, it is perfectly clear that petitioner did not in the proceedings pending before the district court raise or intend to raise the issue of the legality of his confinement. It is well settled that issues not raised in the trial court cannot be considered upon appeal. Bartholomew v. United States, 8 Cir., 286 F.2d 779, 781–782; Johnston v. United States, 8 Cir., 254 F.2d 239, 241.

Inasmuch as the petitioner did not raise the issue of the constitutionality of his confinement at the Medical Center in his petition and such issue was not for that reason considered by the trial court, such issue can be given no consideration upon this appeal.

The judgment appealed from is affirmed.