Lee Wayne **HAYNES**, Appellant,

v.

**J. D. HARRIS, Warden, Medical Center for Federal Prisoners, Appellee.**

**No. 17819.**

United States Court of Appeals
Eighth Circuit.

May 3, 1965.

Lee Wayne Haynes, pro se.

F. Russell Millin, U. S. Atty., Kansas City, Mo., and John Harry Wiggins, Asst. U. S. Atty., Kansas City, Mo., filed printed brief, for appellee.

Before VOGEL and BLACKMUN, Circuit Judges, and REGISTER, District Judge.

REGISTER, District Judge.

Petitioner is serving an indeterminate sentence at the Medical Center for Federal Prisoners, Springfield, Missouri, having been sentenced pursuant to the provisions of the Federal Youth Corrections Act (Section 5010 (b), Title 18, U.S.C.A.) by the United States District Court for the Northern District of Illinois on December 13, 1963, following said Petitioner's plea of guilty to charges involving interstate transportation of forged securities (Section 2314, Title 18, U.S.C.A.)

On July 27, 1964, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Western District of Missouri.[1] After considering said petition, the District Court (Honorable William H. Becker), in an unpublished memorandum and order dated September 1, 1964, ordered the filing of the petition in forma pauperis and the dismissal of the petition. This appeal is from the order dismissing said petition.

In substance the alleged grounds upon which Petitioner bases his petition are:

(a) That the offense to which he pleaded guilty and of which he stands convicted is not punishable by corporal punishment, and that certain medical treatment administered to him, without his consent, constitutes corporal punishment;

(b) That certain personal property ("ball point pen-hair oil-shaving gear-notebook paper-toothpaste & brush-letters, and photographs") has been taken from him, without due process of law, and that he has been refused the right to file writs and the use of the institution's legal library; and

(c) That, as a result of his conviction, he has not lost his United States citizenship, and therefore it is still his prerogative to determine whether to accept or decline medical treatment, so long as no other persons are endangered by his actions.

In his petition, the Petitioner specifically asserts:

"I do not wish to contest the legality of my detention. I wish only to contest whether or not the institution can force medical treatment upon me against my will, whether or not they can deprive me of personal property

---

1. The petition for writ of habeas corpus discloses that Petitioner then had pending in the sentencing court a motion filed under Section 2255, Title 28, U.S.C.A., alleging therein grounds not contained in this petition for writ of habeas corpus.

In his reply brief, filed on April 20, 1965, in this Court, Petitioner states: "The appellant is now contesting the validity of his detention before the United States Court of Appeals for the Seventh Circuit."

that is used by other inmates at this institution, and whether or not they can refuse me access to the Legal Library here, and whether or not they can refuse me the right to file writs as they have done."

And, also:

"I ask that the court issue an injunction forbidding any official of the United States of America from forcing me to undergo forced medical treatment. I also ask the court to direct the Medical Center for Federal Prisoners to return my personal property to me, make the Legal Library available to me at any time, and to refrain from hindering me in my filing of writs."

Nowhere in his petition does the Petitioner assert that the conditions of his incarceration and the treatment he is receiving at the institution amount to "cruel and inhuman" punishment. The facts, as revealed by the record before us, would not substantiate such an assertion. However, Petitioner argues in effect that he, and he alone, should determine whether he should receive certain medical treatment, and that "forced medical treatment is corporal punishment and cannot be legally inflicted upon anyone confined under a sentence that calls for less than capital punishment". This contention is obviously without merit. One of the paramount purposes for which a defendant is committed to the Medical Center is that he have the benefit of receiving from trained and qualified personnel proper examination, diagnosis, and all necessary and available treatment.

Petitioner also attempts to raise, as a constitutional issue, the right of the administration to "deprive" Petitioner of specific items of personal property mentioned.

It is our view, as it was apparently that of Judge Becker, that the substance of Petitioner's complaints are directed to the enforcement of rules and regulations of the institution which are uniform in nature and are properly and necessarily promulgated for the discipline and treatment of those confined therein. The relief prayed for by the Petitioner, as hereinbefore quoted, indicates forcefully and concisely the nature of his complaints.

We have on prior occasions held that the enforcement of discipline and the supervision of inmates who are legally confined in federal institutions are the exclusive prerogatives of the proper administrative authorities and that the federal courts will not interfere with such administration, in the absence of unusual or exceptional circumstances which are lacking in this case. Morton v. Steele, 8 Cir., 217 F.2d 13, 15; Williams v. Steele, 8 Cir., 194 F.2d 32, 34; Garcia v. Steele, 8 Cir., 193 F.2d 276, 278. In our recent decision of Harris v. Settle, 322 F.2d 908 (8 Cir. 1963), at pages 909 and 910, we reaffirmed our position in the following language:

"In Williams v. Steele, 194 F.2d 32, 34 (8 Cir. 1954), rehearing denied 8 Cir., 194 F.2d 917, cert. denied 344 U.S. 822, 73 S.Ct. 20, 97 L.Ed. 640, this court said:

" 'Since the prison system of the United States is entrusted to the Bureau of Prisons under the direction of the Attorney General, 18 U.S.C.A. § 4042, supra, the courts have no power to supervise the discipline of the prisoners nor to interfere with their discipline, but only on habeas corpus to deliver from prison those who are illegally detained.'

To the same general effect are Sutton v. Settle, 302 F.2d 286, 288 (8 Cir. 1962), cert. denied 372 U.S. 930, 83 S.Ct. 876, 9 L.Ed.2d 734; Morton v. Steele, 217 F.2d 13 (8 Cir. 1954), cert. denied 348 U.S. 974, 75 S.Ct. 537, 99 L.Ed. 759; and Garcia v. Steele, 193 F.2d 276, 278 (8 Cir. 1951)."

The statements of this Court which appear at page 910, 322 F.2d (Harris,

supra) we consider applicable to the present situation:

"Despite (Harris') conclusory allegations * * * there is nothing in the petitioner's asserted facts as to his confinement which, without more, is so unreasonable as to constitute cruel and unusual punishment within the prohibition of the Eighth Amendment. *What (Harris) alleges falls instead within the area of discretionary prison discipline with which the courts will not interfere.*" (Emphasis added.)

In view of the fact that Petitioner, in his petition for writ of habeas corpus, specifically states: "I do not wish to contest the legality of my detention", the following language of this Court, found at page 288, 302 F.2d (Sutton v. Settle, supra) is also applicable:

"Thus, it is perfectly clear that petitioner did not in the proceedings pending before the district court raise or intend to raise the issue of the legality of his confinement. It is well settled that issues not raised in the trial court cannot be considered upon appeal. Bartholomew v. United States, 8 Cir., 286 F.2d 779, 781–782; Johnston v. United States, 8 Cir., 254 F.2d 239, 241."

The quoted statement of Petitioner is explained by him in his brief on this appeal in the following manner:

"Judge Becker concludes in error that the petitioner is not attacking the validity of the sentence under which he is in custody. The petitioner's statement that 'I do not wish to contest the legality of my detention', refers only to the court of which Judge Becker is a member. The petitioner was at the time of his filing the disputed motion in the United States District Court for the Western District of Missouri, and is now, attacking the validity of the sentence imposed upon him by the United States District Court for the Northern District of Illinois. Since the sentence was imposed upon him by the U. S. District Court for the Northern District of Illinois, it is only logical that he attack it through this court."

It therefore appears that Petitioner concedes he is making no attack on the validity of his detention in this habeas corpus proceeding, but is doing so by means of the Section 2255 proceedings hereinbefore referred to. The following statement of this Court, in Sutton v. Settle, 302 F.2d 286, at page 288, is dispositive of this issue:

"Inasmuch as the petitioner did not raise the issue of the constitutionality of his confinement at the Medical Center in his petition and such issue was not for that reason considered by the trial court, such issue can be given no consideration upon this appeal."

Furthermore, if Petitioner is correct in his assertions that, at the time of the filing of the petition herein, a motion had been filed in the sentencing court upon the basis of Section 2255, which was then pending therein, and that there is presently pending before the Court of Appeals for the Seventh Judicial Circuit an appeal from the determination of said sentencing Court, it is clear that his remedies thereunder have not been exhausted, and he is not entitled to habeas corpus. This Court said, in Weber v. Steele, 185 F.2d 799:

"The purpose of Section 2255 was to require a federal prisoner to exhaust his remedies in the courts of the District and Circuit in which he was convicted and sentenced, and to apply to the Supreme Court, on certiorari from a denial of such remedies, before seeking release on habeas corpus. This means that he must exhaust all the ordinary remedies available to him before applying for an extraordinary remedy."

See also Smith v. Settle, 8 Cir., 302 F.2d 142.

The order of the trial court dismissing the petition is affirmed.