John Paul MASTERS, Jr., Appellant,

v.

Howard EIDE, Chief Jailer, Polk County Jail, Des Moines, Iowa, Appellee.

No. 18100.

United States Court of Appeals
Eighth Circuit.

Dec. 2, 1965.

John Paul Masters, Jr., in pro. per.

Donald M. Statton, U. S. Atty., Des Moines, Iowa, Jerry E. Williams, and Philip T. Riley, Asst. U. S. Atty., Des Moines, Iowa, for appellee.

Before VAN OOSTERHOUT, MATTHES and MEHAFFY, Circuit Judges.

PER CURIAM.

This is an appeal by John Paul Masters, Jr., hereinafter called petitioner, in forma pauperis from final order of the district court filed May 6, 1965, denying his petition for writ of habeas corpus without a hearing.

Petitioner was indicted by the federal grand jury on September 23, 1964, charged with breaking into a post office rural station with intent to commit lar-

ceny in violation of 18 U.S.C.A. § 2115. Warrant issued and defendant was arrested on September 30. On October 2, he was brought before the court at which time his rights were explained and counsel was appointed to represent him. On October 15, 1964, petitioner appeared before the court with counsel, and was arraigned, and entered a plea of not guilty. Petitioner was tried to a jury in January 1965, found guilty, and sentence of imprisonment was imposed. A timely appeal was taken from such conviction. We affirmed on October 7, 1965. Masters v. United States, 8 Cir., 351 F.2d 105.

The present petition for habeas corpus was filed on April 30, 1965, while petitioner was being held in custody of the defendant in the Polk County, Iowa, jail pursuant to his conviction and sentence. At the time of the filing of the petition and the dismissal thereof, his appeal from his conviction was pending.

Petitioner thus states the grounds upon which he bases his allegation that he is being held in custody unlawfully:

> "(a) unlawful arraignment; Rule 5 U.S.C. states arraignment must be without delay; Mallory v. United States [354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479] interpretes (sic) unecessary (sic) delay (after 8 hrs.)

> "(b) unlawfully deprived of rights to petition for writ of habeas corpus which is guaranteed by U. S. Constitution except in times of *war*."

Petitioner sets out no facts to support his allegations. With respect to (a), he merely asserts that he was arrested on September 30, 1964, that he was brought before the court on October 2 and October 8, 1964, but that he was not arraigned until October 15, 1964. He makes no showing that such delay in arraignment was an undue delay under the circumstances nor does he show any prejudice to him resulted from such delay.

■ Federal Rules Criminal Procedure 5 does not apply to arrest upon indictment. Barrett v. United States, 8 Cir., 270 F.2d 772, 775; Boone v. United States, 6 Cir., 280 F.2d 911.

■ Petitioner's direct appeal was pending at the time he filed his petition for the writ. Ordinarily resort cannot be had to 28 U.S.C.A. § 2255 or habeas corpus while an appeal from conviction is pending. Larson v. United States, 5 Cir., 275 F.2d 673, 679; see Haynes v. Harris, 8 Cir., 344 F.2d 463, 466.

■ In any event, the modest delay in arraignment absent any showing of prejudice does not fall in the category of violation of constitutional rights which subjects petitioner's conviction to collateral attack.

■ Petitioner's contention set out under (b) is likewise without merit. The present petition is upon a printed form supplied by the clerk. In answer to a question propounded in such form, petitioner states that he has submitted two previous petitions for habeas corpus but that they were returned to him unfiled with printed forms and instructions. The petitions previously tendered are not in the record. No appeal has been taken from the court's refusal to consider the prior petitions. Petitioner in his present petition was in a position to assert any habeas corpus rights he might possess, and he is in no position to here complain of the refusal to file his prior petitions, the contents of which are not before us.

■ Petitioner in his brief upon appeal raises additional issues not included in his petition and not presented to or considered by the trial court, such as double jeopardy, violation of his constitutional right to equal protection and denial of reasonable bail. The short answer to such contentions is that issues not presented in the trial court cannot be considered upon appeal. Sutton v. Settle, 8 Cir., 302 F.2d 286, 288; Bartholomew v. United States, 8 Cir., 286 F.2d 779, 781.

■ A court is warranted in dismissing a habeas corpus petition without hearing when the records and files conclusively show petitioner is entitled to no relief. Swepston v. United States, 8 Cir.,

289 F.2d 166, 169; Kent v. United States, 1 Cir., 272 F.2d 795, 798.

We are satisfied that the files and records in this case conclusively show that petitioner is entitled to no relief. The court properly dismissed the petition for habeas corpus.

Affirmed.