**William G. HOLLAND, Appellant,**

v.

**Dr. Pasquale J. CICCONE, Director, Medical Center for Federal Prisoners, Springfield, Missouri, Appellee.**

**No. 18811.**

United States Court of Appeals
Eighth Circuit.

Dec. 28, 1967.

Rehearing Denied Jan. 23, 1968.

---

William G. Holland, pro se.

F. Russell Millin, U. S. Atty., Kansas City, Mo., and John W. Carter, Asst. U. S. Atty., for appellee.

Before BLACKMUN, GIBSON and LAY, Circuit Judges.

PER CURIAM.

In 1963 William G. Holland was convicted by a jury in the United States District Court for the District of Columbia of violations of the federal narcotics laws, specifically, 26 U.S.C. § 4705(a) and 4704(a), and 21 U.S.C. § 174. A sentence of 10 years was imposed. Holland was received in due course at the District of Columbia Department of Corrections Reformatory Division.

Physical examination upon admission at the Department resulted in diagnoses of psychophysiological skin reaction and secondary elephantiasis and an initial impression of schizophrenic reaction, paranoid type, not acutely psychotic. It was felt that Holland displayed a need for psychotherapy and in June 1965 his transfer to the United States Medical Center at Springfield, Missouri, was recommended. This transfer was effected the following September.

In November 1965, while at the Center, Holland filed his in forma pauperis petition for a writ of habeas corpus. In it he states, "Petitioner is not questioning the validity of his confinement, but rather the manner of his confinement", namely, "deprivation by prison officials of proper medical care and treatment". He asserts violations of the Fourteenth and Eighth Amendments and a cause of action under the civil rights statute, 42 U.S.C. § 1983, and asks that he be sent "to obtain hospitalization in an outside or another Federal Hospital to be diagnosed and treated".

Chief Judge Becker noted that, in the absence of an allegation of deprival, under color of state law, of any right, privilege or immunity, Holland did not state a claim upon which relief could be granted under § 1983. Nevertheless, citing his decision in Austin v. Harris, 226 F. Supp. 304, 309 (W.D.Mo.1964), which in turn cited Fulwood v. Clemmer, 111 U.S.App.D.C. 184, 295 F.2d 171 (1961), the court concluded that a federal convict's habeas corpus petition which alleges denial of needed medical care "is sufficient to require further investigation". It therefore issued an order to show cause.

The appellee director of the Medical Center filed his detailed response to that order. This recited: Holland's medical history revealed treatment dating back to 1953 for an apparent dermatitis of the scrotum. His examination on admission

at the Center indicated elephantiasis of the scrotum, depression state with paranoia, and hostile personality. He received there medication and dermatological, psychiatric, urological, and proctological examinations and consultations. Some of these were even by physicians not on the institution's own staff. Surgery was recommended but declined. Final diagnoses of neurodermatitis, elephantiasis secondary to recurrent and chronic infection, paranoid personality, and history of drug addiction (heroin) were made. Following this it was concluded that the facilities available at Springfield had been fully utilized and Holland's return to the District of Columbia, in the interest of his health, was recommended.

(With the oral approval of the district court, this retransfer was effected in June 1966. According to his brief filed with us, Holland is now a patient at St. Elizabeth's Hospital in Washington, D. C.)

The district court granted Holland leave to answer the director's response. As we read his answer and his supplemental papers, he admits the chronology and the basic facts stated in the response. But he denies the rendition of any reliable examinations at the Center and asserts that his being a Negro and a Muslim are factors in his handling, that he is not suffering from any condition of psychogenic origin, that he has been subjected to medical mistreatment in the District of Columbia and at the Center, and that he is entitled to the aid of able and responsible physicians. Despite these complaints, he resisted his retransfer to the District.

On this state of the record, and without an evidentiary hearing, the court ruled that the retransfer of Holland to the District of Columbia was within the discretion of the Attorney General and the prison authorities. With the retransfer thus effected, the court dismissed the petition for habeas corpus "without prejudice to petitioner's contentions that he has a civil claim for damages for failure to provide adequate medical treatment".

It concluded that, although the appeal appeared to be without merit, this did not compel a finding that Holland was not acting in good faith. Leave to appeal in forma pauperis was therefore granted.

We have no alternative than to affirm the order of the district court. That court, in which Holland's petition for a writ of habeas corpus was pending, was properly advised of the proposed retransfer to the District of Columbia. Rule 49 of the Rules of the Supreme Court of the United States. Having had jurisdiction when the petition was filed, the retransfer of the petitioner did not destroy that jurisdiction. Ex parte Endo, 323 U.S. 283, 304–307, 65 S.Ct. 208, 89 L.Ed. 243 (1944); Jones v. Cunningham, 371 U.S. 236, 243–244, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963).

But this court more than once has held that 18 U.S.C. § 4082, and its companion sections, place responsibility upon the Attorney General and not upon the courts to designate the place at which a convicted prisoner shall serve his sentence and receive medical treatment, if any is needed, and that the administrative determination of this issue is not subject to review in a habeas corpus proceeding. Jones v. Harris, 339 F.2d 585, 586 (8 Cir. 1964); Haynes v. Harris, 344 F.2d 463, 465–466 (8 Cir. 1965); Harris v. Settle, 322 F.2d 908, 909–910 (8 Cir. 1963), cert. denied 377 U.S. 910, 84 S.Ct. 1171, 12 L.Ed.2d 179; Morton v. Steele, 217 F.2d 13, 15 (8 Cir. 1954), cert. denied 348 U.S. 974, 75 S.Ct. 537, 99 L.Ed. 759; Rosheisen v. Steele, 193 F.2d 273, 275 (8 Cir. 1951); Garcia v. Steele, 193 F.2d 276, 278–279 (8 Cir. 1951). The administrative decision, once made, and in the absence of a showing of arbitrariness or capriciousness, is conclusive. Harris v. Settle, supra; Lawrence v. Willingham, 373 F.2d 731, 732 (10 Cir. 1967). The district court's ruling here equates with a finding that nothing arbitrary or capricious has been demonstrated. This is amply supported by the record. Indeed, the record dem-

onstrates convincingly that the prison authorities have endeavored to assist the petitioner in every way possible.

Affirmed.