**Clifford J. VEALS, Petitioner,**

v.

**Dr. P. J. CICCONE, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.**

**Civ. A. No. 16761-3.**

United States District Court
W. D. Missouri, W. D.

March 26, 1968.

Clifford J. Veals, pro se.

MEMORANDUM AND ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE

BECKER, Chief Judge.

Petitioner, a federal convict confined in the United States Medical Center for Federal Prisoners, Springfield, Missouri, has filed in this Court a petition for a writ of federal habeas corpus and for leave to proceed in forma pauperis. Leave to proceed in forma pauperis will be granted.

Petitioner states that after a plea of guilty (petitioner was charged with a violation of the Dyer Act: Section 2312, Title 18, U.S.C.), the United States District Court for the Western District of Texas sentenced him pursuant to Section 5010(b), Title 18, U.S.C. (Federal Youth Corrections Act: Sentence); and that he did not appeal the imposition of sentence.

The grounds on which petitioner bases his petition for habeas corpus are that "on or around about December 10, 1967, Dr. Paul Miller" of the Medical Center staff ordered the administration of medication to the petitioner; that this medication is harmful to the petitioner; that the medication was administered to petitioner by injection; that an "unlicensed officer of the Medical Center gave petitioner the injections of the prescribed medication; that petitioner refused to take the medication prescribed by Dr. Paul Miller and was placed in " 'solitary confinement' "; that petitioner has complained to Dr. Paul Miller of "chest pain and other mental defects" as a result of taking the prescribed medication; and that because petitioner is required to take the medication prescribed by Dr. Paul Miller, he is being subjected to cruel and unusual punishment.

The gist of petitioner's complaints appears to be that he should not be required to accept the treatment afforded him at the Medical Center. These complaints are quite similar to those presented in Haynes v. Harris (C.A. 8, 1965) 344 F.2d 463. In that case, the Court of Appeals for the Eighth Circuit said:

"One of the paramount purposes for which a defendant is committed to the Medical Center is that he have the benefit of receiving from trained and qualified personnel proper examination, diagnosis, and all necessary and available treatment." 344 F.2d at 465.

It is only in an exceptional situation where a court will undertake to review the nature and conditions of a prisoner's otherwise lawful confinement. Harris v. Settle (C.A.8, 1963) 322 F.2d 908. Petitioner's allegations contained in the petition herein, without more, do not appear to be so unreasonable as to constitute cruel and unusual treatment within the prohibition of the Eighth Amendment.

It is not alleged that the administration of this medication is not sanctioned by approved medical practice. If it is alleged that the nature of the medication or the method of its administration is not sanctioned by any substantial recognized medical authority, a claim for relief would be stated. Cf. United States v. Muniz, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805. In such event, the claim would be cognizable in habeas corpus if the administration was continuing presently. In re Baptista (W.D.Mo., 1962) 206 F.Supp. 288. If the allegations related to past events not probably

recurring, the claim would be cognizable as a civil action for damages. But neither such claim is stated here.

The dilemma presented in this case readily appears. Here a convict requiring medication resists its administration in a presumably approved fashion. If force is used to administer the medicine, he may claim he was assaulted. If disciplinary measures are invoked, he may claim cruel and unusual punishment. If he is left in the open population of the Center and injures himself or some-, one else as a result of lack of medication, a suit against the prison officials and the United States may result.

For the foregoing reasons, it is hereby

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Ordered that the petition for a writ of federal habeas corpus herein be, and it is hereby, dismissed without prejudice.