Henry SUTTON, Jr., Petitioner,

v.

Dr. P. J. CICCONE, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.

Civ. A. No. 17143–3.

United States District Court
W. D. Missouri,
Western Division.

Nov. 21, 1968.

Henry Sutton, Jr., pro se.

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE

BECKER, Chief Judge.

Petitioner, a federal convict presently confined in the United States Medical Center for Federal Prisoners, Springfield, Missouri, seeks a federal writ of habeas corpus transferring him from the Medical Center and ordering him transported to another place of confinement. Petitioner requests leave to proceed in forma pauperis which will be granted. Petitioner states that he was, after a

plea of guilty, convicted of fraud in the United States District Court for the District of Maryland; that in July, 1967, he was sentenced upon that conviction to a term of five years' imprisonment; that he did not appeal from the judgment of conviction nor the imposition of sentence; that he was represented by counsel at his arraignment, plea, and sentencing; and that he has filed no previous petitions for habeas corpus, motions under Section 2255, Title 28, U.S.C., or any other applications, petitions or motions with respect to this conviction.

Petitioner states as grounds for his contention that his present confinement in the Medical Center is unlawful that he was transferred to the Medical Center for an eye operation, hemorrhoidectomy, and other operations; that now all the operations for which he was committed to the Medical Center have been accomplished; and that, therefore, he should be returned to a prison or other institution to serve the remainder of his sentence.

 Although petitioner does not claim the right to release, he has, by filing a petition for habeas corpus, chosen the correct method to question the propriety of the place of his confinement. Coffin v. Reichard (C.A. 6) 143 F.2d 443, 155 A.L.R. 143; Ex parte Mills, 135 U.S. 263, 10 S.Ct. 762, 34 L.Ed. 107; Anno. 76 A.L.R. 468 l. c. 510. Habeas corpus may be employed to secure relief by one in lawful custody. Harris v. Harris (W.D.Mo., 1963) 222 F.Supp. 918; In re Baptista (W.D.Mo., 1962) 206 F.Supp. 288, and cases therein cited. Petitioner, however, does not here state a basis for relief. By virtue of Section 4082, Title 18 U.S.C., the care, custody, control, discipline and treatment of federal prisoners is vested in the Attorney General of the United States. It is only in an exceptional case, that a court will review the nature and conditions of a petitioner's otherwise lawful confinement. Harris v. Settle (C.A. 8, 1963) 322 F.2d 408, and cases therein cited. With regard to place of confinement, the Eighth Circuit Court of Appeals held in Garcia v. Steele (C.A. 8, 1951) 193 F.2d 276, 278, that the Medical Center is a part of the prison system of the United States. That court further stated:

"It is our opinion that the authority to classify federal prisoners for the purposes of confinement, care and treatment, has been conferred exclusively upon the Attorney General, and that his determinations, made in the exercise of that authority, are not subject to review in habeas corpus proceedings." Id. at 278

Even where the prisoner confined in the Medical Center has not been found, or certified to be, insane under Section 4241, Title 18, U.S.C.A., or no hearing on that issue has been had, no claim for relief in habeas corpus is stated. Jones v. Harris (C.A. 8, 1964) 339 F.2d 585. In the absence of exceptional circumstances, not present in the case at bar, it is the Attorney General who is empowered to designate the place at which a convicted prisoner shall serve his sentence and receive medical treatment, if any is needed. The administrative determination of this issue is not subject to review in a habeas corpus proceeding in the absence of exceptional circumstances. Jones v. Harris, supra; Haynes v. Harris (C.A. 8, 1965) 344 F.2d 463; Harris v. Settle (C.A. 8, 1963) 322 F.2d 908 cert. den. 377 U.S. 910, 84 S.Ct. 1171, 12 L.Ed.2d 179; Morton v. Steele (C.A. 8, 1954) 217 F.2d 13, cert. den. 348 U.S. 974, 75 S.Ct. 537, 99 L.Ed. 759; Rosheisen v. Steele (C.A. 8, 1951) 193 F.2d 273; Garcia v. Steele, supra; Holland v. Ciccone (C.A. 8, 1967) 386 F.2d 825. In the absence of a showing of arbitrariness or capriciousness, the decision of the Attorney General is conclusive. Harris v. Settle, supra; Lawrence v. Willingham (C.A. 10, 1967) 373 F.2d 731. No allegation of arbitrariness or capriciousness or exceptional circumstances is here made by petitioner. Nor do the grounds contended by him to exist allow an inference of arbitrary or capricious treatment by the Attorney General.

For the foregoing reasons, it is

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Ordered that the petition for habeas corpus herein be, and the same is hereby, dismissed without prejudice.