**Larry Dean CUMMINS, Petitioner,**

v.

**Dr. P. J. CICCONE, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.**

**No. 18601-4.**

United States District Court,
W. D. Missouri, W. D.

Aug. 28, 1970.

Larry Dean Cummins, pro se.

Bert C. Hurn, U. S. Dist. Atty., Kansas City, Mo., for respondent.

## MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

ELMO B. HUNTER, District Judge.

Petitioner, a convicted federal prisoner currently confined in the United States Medical Center for Federal Prisoners at Springfield, Missouri, seeks leave to file in forma pauperis a peti-

tion for writ of habeas corpus. Leave to proceed in forma pauperis is hereby granted.

Petitioner states that on June 13, 1965, he was sentenced by the United States District Court for the Southern District of California to a term of imprisonment under the provisions of the Federal Youth Corrections Act. He further states that he entered a plea of guilty in that court to charges of interstate transportation of stolen property.

In the present proceeding, however, petitioner does not challenge the validity of his federal sentence or conviction. He alleges, "petitioner is not in custody unlawfully." Rather, petitioner apparently seeks to raise issues concerning the conditions of his present confinement. As grounds for relief, petitioner states the following:

"Petitioner avers that on or about the night of July 18, 1970, petitioner was attacked and hit in the face, by another inmate, with a metal dust mop and his fist. This inmate also picked up a chair but, petitioner left the room before he could hit petitioner with the chair. Petitioner did not strike out at, or move to hit this other inmate at any time. Petitioner suffered cuts on the surface of his face and lacerations on the inside of the mouth. Petitioner has several witnesses to this fact. Furthermore: petitioner states that the other inmate and himself were placed in segregation on the same night, July 18, 1970. Before and during my stay in segregation I was not examined by a Doctor, Nurse, or M.T.A. for lacerations, abrasions, cuts, or broken bones. Petitioner feels this is negligence on the part of the staff here and demands 'show cause' by the Warden of this institution as to why petitioner should not seek Civil relief in this matter. Petitioner seeks punitive and actual relief in the amount of Two Hundred and Fifty Thousand Dollars each. Petitioner is a Diabetic (Brittle Diabetic) and can prove he has been one for 16 years or more. During petitioners stay in seg-

regation he was sick twice with a diabetic reaction, and in both instances petitioner was not examined for urine test, blood sugar, etc., by a Doctor, Nurse, or M.T.A. This could have cost petitioner his life."

■■■ Treated as a proceeding for equitable relief, this cause must be dismissed. Only in exceptional circumstances which rise to the level of a constitutional deprivation will the courts undertake "to review the nature and conditions of a prisoner's otherwise lawful confinement." Harris v. Settle, 322 F. 2d 908, 910 (8th Cir. 1963). See also: Cates v. Ciccone, 422 F.2d 926 (8th Cir. 1970), and Haynes v. Harris, 344 F.2d 463 (8th Cir. 1965). And, the allegations of petitioner's pleading indicate only a single, isolated incident rather than a continuing practice which might be violative of the Eighth Amendment prohibition against cruel and unusual punishment.

■■■ Treated as a civil complaint for damages under the provisions of the Federal Tort Claims Act, petitioner's pleading is entirely devoid of the necessary allegations indicating compliance with the provisions of 28 U.S.C. § 2675 (a). Those provisions read, in relevant part, as follows:

"An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government * * * unless the claimant shall have first presented his claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing."

The allegations of the petitioner in his present pleading affirmatively demonstrate that the events in issue occurred long after the effective date of the 1966 amendment of 28 U.S.C. § 2675(a). Thus, in view of those circumstances, petitioner's claim is premature. Peterson v. United States, 428 F.2d 368 (8th Cir. 1970).

Accordingly, for the reasons stated above, the petition for writ of habeas corpus is hereby dismissed without prejudice.

It is so ordered.