**Elmer SMITH, Plaintiff,**

v.

**Leo M. BAKER, M.D., Physician, Missouri State Penitentiary, Jefferson City, Missouri, Cecil J. Garnett, Guard Officer, Missouri State Penitentiary, Jefferson City, Missouri, and Bill Garth, Guard Officer, Missouri State Penitentiary, Jefferson City, Missouri, Defendants.**

**Civ. A. No. 1660.**

United States District Court,
W. D. Missouri,
Central Division.

Nov. 23, 1970.

———◆———

Elmer Smith, pro se.

No entry of appearance for defendants.

**ORDER GRANTING PLAINTIFF LEAVE TO PROCEED IN FORMA PAUPERIS AND JUDGMENT OF DISMISSAL FOR LACK OF FEDERAL JURISDICTION**

WILLIAM H. BECKER, Chief Judge.

Plaintiff, a state convict confined in the Missouri State Penitentiary, has submitted in this Court a "complaint for actual and punitive damages" in which he alleges that his federal rights were violated on October 23, 1970, when defendant Baker "injected plaintiff with a drug known as prolixin, with a hypodermic needle * * * against plaintiff's will and religious belief"; and that plaintiff "thereby sustained serious injuries." Plaintiff also requests leave to proceed in forma pauperis. Leave to proceed in forma pauperis will be granted.

Plaintiff recently filed a similar complaint against defendant Baker in the Western Division of this District, Smith v. Baker (W.D.Mo.) Civil Action No. 18816–3. That complaint was dismissed on November 5, 1970, for lack of jurisdiction and improper venue. In considering whether the plaintiff stated a claim under the Federal Civil Rights Act, this Court stated in the judgment of dismissal the following:

"Plaintiff does not thereby state the denial of any federal civil right to be able to invoke federal jurisdiction under the Federal Civil Rights Act, Section 1983, Title 42, United States Code. 'Improper or inadequate medical treatment, in order to constitute cruel and unusual punishment within the prohibition of the Eighth Amendment to the United States Constitution, must be continuing, must not be supported by any competent, recognized school of medical practice and must amount to a denial of needed medical treatment.' Ramsey v. Ciccone (W.D.Mo.) 310 F.Supp. 600, 604. Plaintiff does not state the denial of needed medical treatment. He states that he has been given treatment by the defendant, but an inadequate and improper course of treatment. In

such a case, no federal civil right of plaintiff has been violated and plaintiff's proper remedy is an action for alleged malpractice under applicable state law. Ramsey v. Ciccone, *supra.* Under the provisions of Section 1343 (3) and (4), Title 28, U.S.C., the violation of a federal *civil* right is required for the invocation of federal jurisdiction under the Federal Civil Rights Act."

While in a suit under the Federal Civil Rights Act, past denials of federal rights are cognizable (as they are not in federal habeas corpus, In re Baptista (W.D.Mo.) 206 F.Supp. 288), plaintiff has still failed, in the complaint at bar, to state the denial of any federal right. Plaintiff adds in this complaint that the injections were accomplished in spite of his opposition to them and in spite of his religious principles. But it is well established that medical care which is administered over the objections of a prisoner does not constitute the denial of any federal right. Haynes v. Harris (C.A.8) 344 F.2d 463; Ramsey v. Ciccone, *supra;* Anderson v. Kennedy (W.D.Mo.) Civil Action No. 14099–4. Defendants Garnett and Garth are charged by plaintiff in the complaint merely with assisting Dr. Baker in making the injections. Therefore, for the same reasons, no federal claim is stated against them, either. No basis of federal jurisdiction is stated by the complaint against any of the defendants. For the foregoing reasons, no claim is stated under the Federal Civil Rights Act. Although the complaint demands in excess of $10,000 in damages, no diversity of citizenship is stated to invoke jurisdiction under Section 1332 of Title 28, U.S.C., and there is no federal question to invoke jurisdiction under Section 1331 of the same title. It is therefore

Ordered that plaintiff be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Adjudged that this cause be, and it is hereby, dismissed for lack of federal jurisdiction.