Bobby Gene **REYNOLDS**, Plaintiff,

v.

Harold R. **SWENSON**, Warden, Missouri State Penitentiary, Jefferson City, Missouri, et al., Defendants.

Civ. A. No. 1517.

United States District Court,
W. D. Missouri,
Central Division.

May 18, 1970.

Bobby Gene Reynolds, pro se.

Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; JUDGMENT FOR DEFENDANTS

WILLIAM H. BECKER, Chief Judge.

In his complaint herein under the Federal Civil Rights Act, plaintiff, a state convict confined in the Missouri State Penitentiary, states that he was denied all medical treatment by defendants from October 14, 1969, to October 28, 1969, though he requested medical treatment, and that he was denied medical treatment upon finally being taken to the prison hospital on October 28, 1969, though he needed and requested such medical treatment. In a supplemental complaint filed March 30, 1970, plaintiff additionally alleged that his broken hand had "not been set" and that he was being required by defendants to purchase the necessary medication for his asthma at his own expense and that such was "an unnecessary burden upon my mother, who has emphysema and consequently [is] unable to afford this expense."

Defendants now move for summary judgment. In support thereof, they have submitted the records of the prison hospital in respect of the treatment given to plaintiff for a fractured and dislocated right little finger and also an affidavit of the prison physician regarding the treatment authorized for plaintiff in respect of his asthmatic con-

dition. The records of the prison hospital show that plaintiff was x-rayed on July 31, 1969, revealing a fracture and dislocation of his right little finger; that a splint was applied the same day; that on August 1, 1969, the "ex-ray of little finger [was] examined by Dr. Siu; dislocation reduced and cast applied for 8 weeks; Pt. admitted to second floor"; that on August 6 and 11, plaintiff was seen in the prison hospital and given medication for a cough; that on August 11, 1969, plaintiff was again examined by Dr. Siu and Drs. Baker and Keen and the cast was reapplied to his finger; that on September 2, 1969, one Dr. Williams "cleaned pin area R/little finger with zeph," noting that the "finger is infected around pin" and that "furacin gause (sic) was applied and rubber bands replaced"; that on September 4, 1969, "Neosperin powder" and bands were applied to the right little finger of plaintiff; that on September 5, 1969, the left (sic) little finger was cleaned around the pin area and furacin ointment was applied and the bands replaced; that additional treatment was rendered on the dates of September 8, 1969, September 10, 1969, and September 11, 1969, all denominated as "surgery"; that thereafter additional treatment was rendered on September 26, 1969, and September 30, 1969; that plaintiff was treated for "culture of drainage" on October 3, 1969; that thereafter on October 6, 1969, October 9, 1969, and November 6, 1969, plaintiff was given boric acid soaks and dressings; and that thereafter he was given a "nose spray", "fiorinal" and another dose of nose spray. The prison hospital record reflects that plaintiff was, on April 28, 1969, given "permission to have Isuprel Medi-mist sent to him from outside source when the need arises" and that the mail room had been so advised. Further, the affidavit of Leo M. Baker, M.D., physician of the Missouri State Penitentiary, states that "the medical staff of the Missouri State Penitentiary has directed that this condition [of asthma] be treated by the following drugs: Isuprel Vaporizer Aminophyllin, Grain 7½ as needed for attacks."

The evidence thus offered shows conclusively that there is no genuine issue of material fact herein and that defendants are entitled to judgment as a matter of law. Summary judgment should therefore be rendered in favor of defendants under the provisions of Rule 56, F.R.Civ.P. The records of the prison hospital conclusively show that plaintiff's broken "hand" has been set and that it has been extensively cared for by the prison physicians. Further, the medical staff of the penitentiary has ordered that plaintiff's asthma be treated with special Isuprel medication and has given plaintiff authorization directly to purchase such medication from outside sources. In view of the prison medical staff's deeming Isuprel a necessary treatment for plaintiff, under the direction averred by the prison physician in his affidavit, plaintiff's statement to this Court that his mother is unable to afford purchases comfortably does not state any denial of his federally protected rights. Plaintiff has not thereby shown an intentional, reckless or callous denial to him of necessary medical treatment. Consistent with plaintiff's allegations, Dr. Baker has stated that the medical staff has "*directed*" (emphasis added) the treatment of plaintiff by means of such medication. Plaintiff does not state that it has been impossible for him to obtain the medication, nor that he has requested of the proper prison officers that it be obtained for him with state funds. In the absence of such an allegation, this Court should not serve as the first authority to provide a remedy for plaintiff's complaint. No refusal of needed medical treatment is shown by the allegations of plaintiff, when construed in the light most favorable to him and when considered with the averments of the affidavits of defendants which are consistent with the allegations of the complaint. The prison hospital records show that plaintiff, even in the event that he has

not been able to obtain Isuprel through his own lack of diligence, has been independently treated in the hospital with nasal sprays. The same records, further, show that his broken "hand" had been set and extensively treated prior to October 14, 1969, and plaintiff otherwise states no need for surgical or other medical treatment during the period of October 14 to 28, 1969, when he states that he was denied medical treatment. The denial must be of *needed,* rather than *desired,* medical treatment to be considered a denial of a federally protected right. See In re Baptista (W.D.Mo.) 206 F.Supp. 288; Ramsey v. Ciccone (W.D.Mo.) 310 F.Supp. 600. Therefore, no denial of any federally protected right is stated in this regard.

 Plaintiff additionally alleged in his complaint that defendant Williams informed him that he would receive no medical attention because of his pending legal actions and that Williams used foul language toward him and threatened him with punishment (none of which punishment is stated to have actually occurred). These allegations alone do not state a claim under the Federal Civil Rights Act, either as cruel and unusual punishment or otherwise, where the record shows that plaintiff has in fact received medical treatment for his broken "hand" and his asthma (although the latter, he states, has been marked by his difficulty in obtaining Isuprel Vaporizer in view of his mother's alleged poverty). Further, plaintiff's proper remedy to prevent threatened punishment is in habeas corpus or by a petition for other forms of extraordinary relief.

For the foregoing reasons, it is

Ordered that defendants' motion for summary judgment be, and it is hereby, granted. It is further

Ordered and adjudged that judgment be, and it is hereby, entered in favor of defendants and against plaintiff herein and that plaintiff recover nothing of and from the defendants in this cause.