**Frederick Freeman DARSEY, Petitioner,**

**v.**

**UNITED STATES of America,
Respondent.**

**No. 18634–4.**

United States District Court,
W. D. Missouri, W. D.

Oct. 17, 1970.

Clarence O. Woolsey, Woolsey, Fisher, Clark & Whiteaker, Springfield, Mo., for petitioner.

Frederick O. Griffin, Jr., Asst. U. S. Atty., Kansas City, Mo., for respondent.

## MEMORANDUM AND ORDER GRANTING APPROPRIATE EQUITABLE RELIEF

ELMO B. HUNTER, District Judge.

Petitioner, a convicted inmate of the United States Medical Center for Federal Prisoners at Springfield, Missouri, has filed in forma pauperis a petition for writ of habeas corpus raising issues concerning the execution of his federal sentence and the conditions of his confinement in the Medical Center.

Petitioner alleges that on September 5, 1969, he was sentenced by the United States District Court for the Middle District of Florida to a total term of eighteen months confinement following his conviction upon three misdemeanor charges. Petitioner further states that the judgment of conviction was rendered by a judge without a jury and that he appealed the judgment of conviction to the United States Court of Appeals for the Fifth Circuit.

In support of his application for habeas corpus relief, petitioner sets forth the following contentions: (1) that he has been incarcerated in seventeen different penal institutions within the past eleven months; (2) that this "constant uprooting" has subjected him to undue mental and physical suffering; (3) that due to this constant movement among penal institutions he has been deprived of certain rights to mail, counseling, recreational facilities, educational opportunities, physical exercise, religious worship, and sanitary facilities; (4) that such treatment constitutes cruel and unusual punishment in violation of his rights under the Eighth Amendment of the Constitution.

Upon even a cursory review of the testimony and evidence adduced at the evidentiary hearing in this proceeding, it is apparent that petitioner has, in fact, been mistreated during his confinement in federal custody and that he has suffered unnecessary hardship throughout that period of confinement. It is equally apparent that petitioner is entitled to appropriate relief within the confines of habeas corpus. Thus, in view of the circumstances, there remains for determination the question of what appropriate relief should be granted.

By way of relief in this proceeding, petitioner seeks his immediate release from federal custody in view of the prior unusual and harsh circumstances he has encountered while serving his federal sentences. Such relief is, however, inappropriate in situations such as these where one is confined under an apparently valid federal conviction and sentence. Under the provisions of 18 U.S.C. § 4082, the Attorney General of the United States is given the responsibility to select the place of confinement for a person convicted under federal law. In the absence of exceptional and unusual circumstances, the courts will not undertake to review the decision of the Attorney General in that respect, or with regard to the conditions of a federal prisoner's confinement. However, as

**1348**

stated by the Eighth Circuit Court of Appeals in Cates v. Ciccone, 422 F.2d 926 at page 927 (8th Cir. 1970):

"[T]here can be exceptional situations where a court will undertake 'to review the nature and conditions of a prisoner's otherwise lawful confinement.'" See also: Harris v. Settle, 322 F.2d 908 (8th Cir. 1963), and Haynes v. Harris, 344 F.2d 463 (8th Cir. 1965).

And, in unusual and exceptional circumstances, the Court may treat a petition for writ of habeas corpus as an application for equitable relief. However, in circumstances involving continuing cruel and unusual punishment, although the Court is empowered to fashion appropriate equitable relief "as law and justice requires," it is not authorized to grant the petitioner's outright release where he is serving an otherwise valid conviction and sentence. See: Peyton v. Rowe, 391 U.S. 54, 66, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968); Carafas v. LaVallee, 391 U.S. 234, 239, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); Cates v. Ciccone, *supra*; Kostal v. Tinsley, 337 F.2d 845 (10th Cir. 1964); Roberts v. Pegelow, 313 F.2d 548 (4th Cir. 1963); Koningsberg v. Ciccone, 285 F.Supp. 585, 589–590 (W.D.Mo.1968), aff'd 417 F.2d 161 (8th Cir. 1969); Little v. Swenson, 282 F.Supp. 333 (W.D. Mo.1968); In re Baptista, 206 F.Supp. 288 (W.D.Mo.1962).

During this proceeding, petitioner stated that if he were not entitled to his immediate release from federal confinement, he preferred to remain at the United States Medical Center for Federal Prisoners until he was entitled to release upon mandatory and conditional release. Thus, since he is not entitled to outright release at the present time, the Court must consider this statement as his consent to be confined at the Medical Center as provided by the provisions of 18 U.S.C. § 4083. As previously stated, this Court is empowered to fashion appropriate equitable relief on behalf of petitioner while he remains in confinement at the Medical Center awaiting his release in the near future. And, as evidenced above, the unusual and exceptional circumstances revealed through this proceeding warrant such relief.

 Accordingly, for the reasons stated above, it is hereby ordered that the authorities of the United States Medical Center for Federal Prisoners are hereby enjoined from transferring petitioner to another penal institution until such time as petitioner is entitled to his release from federal confinement, that petitioner be immediately released from solitary or isolated confinement at the United States Medical Center for Federal Prisoners, and that petitioner be afforded the same rights and privileges as any other federal prisoner in good standing who does not present unusual security risks.

It is so ordered.