Gilbert E. BARTLING, Jr., Petitioner,

v.

Dr. P. J. CICCONE, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.

Civ. A. No. 74CV190–S–WHB.

United States District Court,
W. D. Missouri, S. D.

May 24, 1974.

R. Steven Brown, Asst. Federal Public Defender, Springfield, Mo., for petitioner.

Charles B. Faulkner, Sp. Asst. U. S. Atty., Springfield, Mo., for respondent.

WILLIAM H. BECKER, Chief Judge.

Pursuant to the governing law, and in accordance with Section B.l.b.(5) of Local Rule 26 of the United States District Court for the Western District of Missouri, the United States Magistrate has submitted to the undersigned District Judge a report and recommendation that the petition herein for a writ of habeas corpus be granted and that the respondent accordingly be directed to grant petitioner a furlough of at least five days for the purpose of obtaining dental treatment not available at the United States Medical Center for Federal Prisoners at Springfield, Missouri.

On May 13, 1974, counsel for respondent filed herein his timely exceptions to the report and recommendation of the United States Magistrate, therein stating as follows:

"1. Respondent is not acting in an arbitrary or capricious manner in denying Petitioner a furlough for dental treatment as the evidence demonstrated that Respondent is ready and willing, and has been ready and willing to provide necessary treatment and acceptable standards of treatment of extraction and replacement of a one-tooth partial denture, however, Petitioner has refused.

"2. Respondent cannot provide the more desirable treatment of a single post blade implant replacement which Petitioner desires as such treatment is not within the professional and economic resources of Respondent.

"3. Treatment such as requested and desired by Petitioner is for 'cosmetic' purposes and is not needed medical treatment for a functional purpose, and the Court has held in Smart v. Ciccone, Civil Action # 73 CV 317–S–EBH, (W.D.Mo., Aug. 1973) that such refusal of treatment is not a denial of needed medical treatment. The cases are clear that it is the intentional denial of *needed* rather than *desired* or *desirable,* medical treatment which constitutes the

denial of a federal right or abuse of Respondent's discretion. Reynolds v. Swenson, 313 F.Supp. 328 (W.D.Mo. 1970).

"4. To permit and allow a furlough under the circumstances herein would be granting and permitting unequal treatment to those who can obtain 'desirable' types of medical and dental treatment because of their ability to pay in relation to those who do not have the necessary funds to pay for same. The effect of such requirement would be contrary to the equal protection clause of the 14th Amendment." (Emphasis in original.)

Petitioner was accorded a preliminary plenary evidentiary hearing before the Magistrate at the Medical Center on April 24, 1974, during which petitioner and Richard P. French, D.D.S., the dental officer at the United States Medical Center for Federal Prisoners, both testified under oath. Based on the evidence adduced at that hearing, the United States Magistrate made proposed findings of fact and concluded that the petition herein for a writ of habeas corpus should be granted. The material proposed findings of fact are adopted because there is no exception to any material finding of fact.

In determining the merits of a claim for lack of medical or dental treatment, the general standard is whether needed or essential, as opposed to desirable medical or dental treatment is being denied. Jones v. Lockhart, 484 F.2d 1192 (8th Cir.1973); Ramsey v. Ciccone, 310 F.Supp. 600 (W.D.Mo.1970); Reynolds v. Swenson, 313 F.Supp. 328 (W.D.Mo.1970). The nature of that essential or needed medical or dental treatment is that ". . . it must be the most suitable medical [or dental] treatment reasonably available." Ricketts v. Ciccone, 371 F.Supp. 1249, 1256 (W.D. Mo.1974). Absent the denial of a federal right or other exceptional circumstances, neither the treatment of petitioner, Harris v. Settle, 322 F.2d 908 (8th Cir.1963); Austin v. Harris, 226 F.Supp. 304 (W.D.Mo.1964), nor the

place of his confinement is subject to judicial review. Van Sirrs v. Ciccone, 437 F.2d 884 (8th Cir.1971); Sutton v. Ciccone, 292 F.Supp. 374 (W.D.Mo.1968); Genovese v. Ciccone, 331 F.Supp. 1117 (W.D.Mo.1971).

An examination of the entire record and the Magistrate's proposed findings of fact discloses that the principal issue to be determined herein is a combination of two subordinate separate issues. The first issue raised by the pleadings is whether the dental treatment requested by petitioner rises to the standard of needed dental treatment. In addition, there is the second issue whether the respondent has acted in an arbitrary and capricious manner in denying petitioner a medical furlough to obtain private dental treatment. Although these two questions are related, the factors to be considered in reviewing each issue are varied.

In the case at bar, petitioner suffers from a chronic abscess of the upper right central incisor. That some dental treatment therefor is needed is not controverted. The need for treatment of an abscessed tooth is not a desire for cosmetic correction.

The record does not reveal in detail the specific dental treatment which petitioner seeks to remedy his present condition other than a reference to "very extensive and also expensive full coverage bridge work." However, the record does reveal that petitioner has refused to accept the concededly inferior dental treatment offered by the Medical Center with respect to correction of the abscessed condition. That routine treatment involves an extraction of the decayed incisor and replacement with a one tooth removable partial denture. The "more desirable alternative procedures" to remedy petitioner's condition, as stated by Dr. French in his memorandum to Dr. Ciccone dated January 25, 1974, are: (1) extraction with replacement by a permanent fixed bridge; (2) possible endodontic treatment of the tooth with some periodontal work; or (3) extraction with a single post blade implant replace-

ment. The Magistrate's proposed findings of fact reveal that the latter two alternative treatment procedures are not available at the Medical Center. However, it was apparently Dr. French's opinion at the hearing that the "extraction with replacement by a permanent fixed bridge" (the first noted alternative treatment) can now be performed at the Medical Center. This statement is in direct conflict with the written report of Dr. French in his memorandum.

Further, the formal response to the order to show cause admitted inability to provide the treatment and offered a "partial cap" only. This is a judicial admission. The uncontradicted evidence in this case reveals that petitioner's private dentist, Dr. Stewart, is capable of performing the three listed "more desirable alternative procedures" in petitioner's home town. The uncontradicted evidence further reveals that petitioner is willing to personally pay the expense of this private dental treatment, which petitioner's dentist will be able to perform within a five-day period.

There is doubt whether the preferred treatment can be provided in the Medical Center by Medical Center personnel.

In the recent case of Ricketts v. Ciccone, 371 F.Supp. 1249, 1256 (W.D.Mo. 1974), this Court held that the nature of the medical treatment which a prisoner is entitled to " . . . is that it must be the most suitable medical treatment reasonably available." In other words, the medical or dental care must be " . . . the best reasonably available medical treatment needed by the petitioner." The above-noted standards of reasonableness and suitability must be viewed somewhat differently in the case at bar for the petitioner does not request that the Medical Center or any other penal institution provide this treatment to him, but rather he requests that he be given a five-day furlough to obtain this treatment at his own expense from a private dentist.

From the uncontradicted evidence, it is apparent that the requested private dental treatment is the "more desirable"

form of treatment (as stated by Dr. French himself) reasonably available. There is no substantial evidence to establish that the requested treatment is solely "cosmetic," as alleged by the respondent in the exceptions. Thus, it must be concluded that the requested treatment is the "most suitable" or "best" reasonably under the standards set forth in the *Ricketts* case.

Whether the requested treatment can be reasonably provided as is required under *Ricketts*, is a question which must additionally be viewed in light of the requested furlough for purposes of securing such dental treatment.

As noted above, the uncontroverted evidence reveals that petitioner's private dentist, Dr. Stewart, can provide the more suitable dental treatment. Also, petitioner is willing, and apparently able, to pay the expense of such treatment. What is most important is that the uncontradicted evidence establishes that petitioner has met all the requirements to be given a furlough under Section 4082, Title 18, United States Code. Petitioner qualifies under Section 4082(c), Title 18, United States Code, as one "to whom there is reasonable cause to believe he will honor his trust" as indicated by the grant of a three-day home furlough to petitioner in April of this year, and the proposed finding to that effect to which no exception was filed. In addition, Section 4082(c)(1), Title 18, United States Code, specifically provides that "[t]he Attorney General may extend the limits of the place of confinement of a prisoner . . . [to permit] the obtaining of medical services not otherwise available. . . . " Dental services are medical services within the meaning of this section.

Respondent has stated in its response that petitioner was denied a furlough for purposes of dental treatment for the reason that " . . . Respondent can provide adequate dental care." In the exceptions to the Magistrate's report and recommendation, counsel for the respondent reiterates that respondent is "ready and willing" to provide necessary

and acceptable standards of dental treatment to petitioner. This exception does not offer the best treatment reasonably available and avoids expressly offering the preferable treatment. In addition, respondent contends that "[t]o permit and allow a furlough under the circumstances herein would be granting and permitting unequal treatment to those who can obtain 'desirable' types of medical and dental treatment because of their ability to pay in relation to those who do not have the necessary funds to pay for same." The respondent could avoid this by paying for the requested treatment by an outside consultant in Springfield, at the Medical Center, or elsewhere.

■ Respondent's equal protection contention is without merit. There are various instances, too numerous to mention herein, wherein certain prisoners' conditions of confinement will be somewhat more palatable on the basis of pecuniary status. The grant of a furlough involves unequal conditions. For example, a prisoner seeking a furlough under Section 4082(c)(1) in order to interview a prospective employer many miles away, may be preferably privileged in being able to afford plane fare, or by being able to secure professional job counseling. Disparity in dental treatment based on wealth alone is not sufficient to establish a violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. *Cf.* San Antonio Independent School District v. Rodriguez, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973), reh. denied, 411 U.S. 959, 93 S. Ct. 1919, 36 L.Ed.2d 418 (1973).

Further, the United States could and should eliminate disparity by providing sufficient funds to permit respondent to offer adequate treatment.

■ Furthermore, the actions of the respondent do not comport with the spirit of the Prisoner Rehabilitation Act of 1965, Public Law 89–176, 79 Stat. 674, which amended Section 4082, Title 18, United States Code. Although there is very little express legislative history with respect to the medical (dental) furlough provision of Section 4082(c)(1), a review of the general legislative history of the Prisoner Rehabilitation Act of 1965 and the 1973 amendments thereto reveals that the Congressional purpose in drafting and passing the legislation was to make possible the betterment and development of prisoner's physical, cultural, psychological and social well-being. See, S.Rep.No.613, 89th Cong., 1st Sess., 2 U.S.Code Congressional and Administrative News, pp. 3076–3083 (1965); S.Rep.No.93–418, 93rd Cong., 1st Sess., 2 U.S. Code Congressional and Administrative News, pp. 3017–3022 (1973). To that end, the decision of the respondent to deny petitioner sufficient time within which to obtain private dental treatment, is inconsistent with the intent of the Act as indicated in the sparse legislative history thereof.

■ Respondent's reasons in support of the decision to deny petitioner a dental furlough are without merit. Petitioner's requested private dental treatment comports with the suitability standard of the *Ricketts* case and the treatment can be reasonably obtained, both practically and in compliance with Section 4082(c)(1). Therefore, based on these exceptional circumstances, it is concluded that the decision of the respondent to deny petitioner a dental furlough was arbitrary and unreasonable.

■■ This conclusion does not violate the rule that, absent exceptional circumstances or denial of a federal constitutional or statutory right, courts will not undertake to review prison administration and decisions of the Attorney General with regard to federal prisoner's conditions of confinement. Sikes v. Ciccone (8th Cir. No. 73–1633, December 14, 1973); Harris v. Settle, 322 F.2d 908 (8th Cir. 1963), cert. denied, 377 U.S. 910, 84 S.Ct. 1171, 12 L.Ed.2d 179 (1964); Dorsey v. United States, 318 F.Supp. 1346 (W.D.Mo.1970); Mercer v. United States Medical Center for Federal Prisoners, 312 F.Supp. 1077 (W.D.

Mo.1970). On the contrary, the case at bar presents exceptional circumstances in that the actions of the respondent have been unreasonable and arbitrary. Furthermore, in light of the numerous instances in which Medical Center prisoners are granted specialized medical treatment through the use of outside consultants and specialists, this Court finds it difficult to understand the rationale for denying a prisoner specialized *dental* treatment, especially when the cost of that treatment is being borne by the prisoner himself.

■ Respondent has failed to present to this Court any exceptions to any proposed material finding of fact or any offer to produce in the district court evidence on any material issue of fact. Further, respondent has not submitted any legal contentions which would justify, under any fair construction of the pleadings, either the grant of a *de novo* hearing or disapproval of the excellent recommended conclusions of law submitted by the United States Magistrate. Under these circumstances, a *de novo* evidentiary hearing is not necessary nor desirable. Procunier v. Atchley, 400 U.S. 446, 91 S.Ct. 485, 27 L.Ed. 2d 524 (1970), reh. denied, 401 U.S. 966, 91 S.Ct. 966, 28 L.Ed.2d 249 (1971). The basic contentions presented in petitioner's exceptions have been most carefully considered by the United States Magistrate. No compelling or persuasive reason to comment further upon the Magistrate's excellent report and recommendation is presented.

Upon a full and careful review of the records and files, respondent's exceptions and the report and recommendation of the United States Magistrate, it is hereby concluded that the proposed findings of fact, conclusions of law and proposed action of the Magistrate are correct and should therefore be approved.

For the foregoing reasons, it is therefore

Ordered that respondent's exceptions to the report and recommendation of the United States Magistrate be, and they are hereby, overruled. It is further

Ordered and adjudged that the petition herein for a writ of habeas corpus be, and it is hereby, granted and respondent is accordingly directed to grant petitioner a furlough of at least five days in which to obtain the more suitable dental treatment not available at the United States Medical Center for Federal Prisoners.