### UNITED STATES of America

v.

### Melvin Lloyd RICHARDS, et al., Defendants.

### No. 98 Cr. 1377(DC).

United States District Court, S.D. New York.

June 30, 2000.

Mary Jo White, U.S. Attorney for Southern District of New York by Bonnie Jonas, Jason Sabot, Assistant U.S. Attorneys, New York City, for U.S.

Deborah A. Schwartz, New York City, Weber & Weber by William E. Weber, Hauppauge, NY, for defendants.

### *MEMORANDUM DECISION*

CHIN, District Judge.

In this case, defendant Melvin Lloyd Richards was convicted by a jury on February 17, 2000 of conspiracy, securities fraud, and wire fraud. Following the jury's verdict, I remanded Richards because I believed he presented a risk of flight. Richards thereafter asked to be released on bail; I denied the motion. Sentencing is scheduled for July 12, 2000.

By his counsel's letter dated May 11, 2000, Richards moved for an order directing the Bureau of Prisons to provide him with immediate dental care, either at the Metropolitan Correctional Center (the "MCC") or elsewhere. Alternatively, Richards renewed his bail request and asked to be released so that he could obtain the dental care on his own.

Thereafter, the Government and Richards attempted to resolve the matter, but their efforts failed. Consequently, I conducted a hearing on June 21, 2000. Richards, his expert witness (Dr. Lieberman), and the Government's expert (Dr. Moses) testified. At the conclusion of the hearing, I found that dental treatment was "medically necessary" and that Richards needed it on an "urgent basis." (Tr. 56). I directed the parties again to attempt to resolve the matter, but a few days later I was advised that they were unable to agree on a course of treatment.

Richards requests that he be permitted to complete the bridge and implant work that he had commenced before he was convicted in this case and he has offered to pay for the work himself. The Government argues that it is not obligated to provide Richards with bridge and implant work, that it is required to provide him only with less expensive denture work, and that it would be inappropriate to permit an inmate to pay for more expensive implant

and crown work when less expensive denture work would suffice to meet the inmate's needs.

The Government's position is rejected, in view of the unusual circumstances of this case.

First, as I found at the conclusion of the hearing, Richards is in urgent need of dental care. There are three problem areas. In the upper right portion of his mouth, he has an implant-supported, four-tooth bridge that is loose. (Tr. 14). There should be three screws securing the bridge but two are missing; one recently fell out. (Tr. 18–20, 44, 49). The bridge will have to be removed and replaced, and some surgery may be required. (Tr. 18). In the upper front portion of his mouth, two teeth recently broke off and will have to be replaced. (Tr. 16, 20). In the lower left portion of his mouth, Richards is missing a bridge. (Tr. 14). The bridge had been removed and work was being done on the implants when the treatment was interrupted by Richards's remand. The crown has been made at the direction of Richards's treating dentist in Nevada but it has not yet been attached. (Tr. 15, 17). Because of his dental problems, Richards has had at least two mouth infections since his conviction. In short, Richards needs significant treatment urgently.

Second, the Bureau of Prisons has been either unable or unwilling to provide Richards with the dental care he needs. Nothing was done about Richards's teeth until his counsel asked the Court to intervene. Even then, the Government's dentist merely tightened a screw, which has become loose again. The Government's expert refuses to acknowledge that Richards is in need of prompt treatment, even though Richards recently suffered at least two infections, lost two teeth and two screws, and has one loose bridge and another bridge missing. (Tr. 52–53).[1]

Third, Richards was in the midst of treatment when he was convicted. He had started the treatment when he was released after serving his sentence for his prior conviction and he was continuing that treatment during his trial. He has already had a substantial part of the work done. He has already paid his dentist approximately $11,000, some of it for work that has not yet been performed. There is a bridge prepared and waiting to be attached. Richards is willing to pay for the work that remains to be done.

Finally, Richards has not yet been sentenced and he will still have the right to appeal his convictions after he is sentenced. He is in a different position from an inmate who has been convicted and is serving a sentence following an unsuccessful appeal.

Neither side has cited any authority that is directly on point. The Government relies on Eighth Amendment cases for the proposition that a district court may not "impose its own ideas on how a prison dental clinic should be organized and administered," and argues that a prison system is required to provide not a " 'model system of dental care beyond the average needs' " but only " 'the minimum level of [dental] care required by the Constitution.' " (Letter from Gov't to the Court of 6/28/00, at 2) (quoting *Dean v. Coughlin,* 804 F.2d 207, 215 (2d Cir.1986)). But these cases are only marginally relevant, for I have no interest in trying to tell the Bureau of Prisons how to operate its "dental clinic[s]."

1. Although Richards, his dentist, and his expert witness (whose testimony I credited) want to continue the implant and crown treatment to avoid dentures, the Government's witness was of the view that Richards's teeth should be extracted and replaced with dentures. (Tr. 50–51). Arguing that Richards "has no right to the treatment of his choice" (Letter from Gov't to the Court of 6/28/00, at 2), the Government is willing only to provide Richards with dentures. It is difficult for me to decide which is the better course of treatment. I certainly thought Richard's expert was more persuasive, and more credible, than the Government's expert. In any event, under the circumstances, I believe Richards should have the ability to choose which course of treatment to follow.

A more useful decision is *Bartling v. Ciccone,* 376 F.Supp. 200 (W.D.Mo.1974). Although it is a 1974 decision from another district, the case involves remarkably similar facts. There, a federal inmate wanted to treat his extensive dental problems with implant and bridge work. He was willing to pay to have his private dentist do the work. The facility in which he was housed (a federal medical center for federal prisoners) was unwilling to provide him with the care he wanted and was unwilling to furlough him to get the treatment at his own expense; instead, the facility was willing only to provide him with what it termed "necessary" and "acceptable" treatment—extraction and a denture. 376 F.Supp. at 201, 202.

The court rejected the Government's position and furloughed the inmate so that he could get the treatment he wanted at his own expense. The court did so pursuant to what was then designated 18 U.S.C. § 4082(c)(1), which has been modified and is now recodified at 18 U.S.C. § 3622. The court was not persuaded by the Government's argument that it was inappropriate to permit a "[d]isparity in dental treatment based on wealth alone." 376 F.Supp. at 204; *see also Prushinowski v. Hambrick,* 570 F.Supp. 863, 869 (E.D.N.C.1983) (granting medical furlough to federal inmate to obtain, at his own expense, an additional medical opinion as to his physical and psychological condition).

Section 3622(a)(3), which applies to sentenced prisoners, permits a court to release a prisoner for a period not to exceed thirty days for the purpose of "obtaining medical treatment not otherwise available." Although section 3622 is not controlling, it is nonetheless instructive, for it shows that Congress expressly contemplated that courts would release inmates to obtain "medical treatment not otherwise available."

In this case, the interests of justice are not served by requiring Richards—who still has the right to appeal his convictions—to abandon his treatment midstream, when he has already spent $11,-000, when clearly he has been trying so hard to avoid dentures, and he is willing to pay himself to have the treatment completed.

Accordingly, in view of the exceptional circumstances of this case, it is hereby ORDERED that:

1. the Bureau of Prisons complete the implant and bridge treatment and begin the treatment on or before July 7, 2000;

2. if the Bureau of Prisons is unable or unwilling to provide the implant and bridge treatment, it is to furlough Richards (starting July 10, 2000) so that he can obtain private dental treatment at his own expense; or

3. alternatively, the Court will release Richards on bail so that he may obtain the dental treatment on his own.

SO ORDERED.